### FORBELL v. CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. February 20, 1899.)

UNDERGROUND WATERS—ABSORPTION BY WATERWORKS—CITY'S LIABILITY.
A city is liable for damages caused by lowering the level of underground waters under another's land by the operation of a pumping station connected with its waterworks.

Action by Benjamin F. Forbell against the city of New York for an injunction to restrain defendant from operating its pumping station and driven wells at the Spring Creek pumping station of defendant's waterworks in the borough of Queens, and for damages for loss of crops by reason of the drying up of plaintiff's land. Judgment for plaintiff.

Charles Coleman Miller, for plaintiff.
R. Percy Chittenden, for defendant.

SMITH, J. The evidence in this case satisfies me beyond a reasonable doubt that the operation of the pumping at the Spring Creek pumping station lowered the water level under the land occupied by the plaintiff several feet, and that the direct effect thereof was to prevent the plaintiff from growing upon his land the crops to which it was peculiarly adapted, and from which he had previously made a large profit. The substantial question to be decided is whether the defendant is legally responsible for the loss inflicted upon the plaintiff by the operation of these pumping stations. Previous to the decision of the appellate division of the supreme court in the Second judicial department in the case of Smith v. City of Brooklyn, 18 App. Div. 340, 46 N. Y. Supp. 141, the tendency of the decisions of the

courts of this state was against the contention of the plaintiff in this case, and in favor of the proposition that an action would not lie against the owner of the land who intercepted or diverted underground currents of water to the injury of another.  In the Smith Case the operation of a pumping station lowered the spring level of the surrounding country, and dried up a stream and pond belonging to the plaintiff.  The court held the city liable for the damages.  The court, in its decision, distinguished the case from other cases previously decided in this state, on the ground that in the case at bar the cutting off of the source of supply of the plaintiff's stream and pond was not done in the exercise of the legal right of the defendant to improve its land, or in connection with the enjoyment of the land itself, but for the sole purpose of gathering and conveying the water to a distant place for the use of the inhabitants of the city.  The reasoning of the court in the case so appeals to a sound judgment and keen moral sense as to be unanswerable.  The defendant seeks to distinguish this case from the Smith Case because in the Smith Case a running stream and pond were dried up by the operation of the pumping station, and in this case the underground water level was lowered upon the plaintiff's land.  In my judgment, there is no difference in principle between the two cases.  The underground water on plaintiff's land was a part of his land.  He had a property right in it.  Its use was indispensable to the enjoyment of his land, and he was deprived of the water as effectively by means of these pumps as he would have been by a direct entrance upon the land itself.  The property right in waters which flow upon the surface of the ground is no more sacred than the property rights in waters which flow underground. There can be no escape from the conclusion that the acts of the defendant were injurious to the plaintiff, and that an action will lie for the damages he has sustained by reason thereof.

I think the plaintiff has made out a cause of action for the equitable relief demanded in his complaint.  Upon the question of damages, after making such deduction from the plaintiff's claim as may be properly attributable to other causes than the wrongful acts of the defendant, I assess his damages at the sum of $6,000, and I hereby direct judgment against defendant in favor of the plaintiff, enjoining the operation of the pumping station, and for the sum of $6,000 for his damages, with the costs of the action.  Decision and judgment to be settled upon two days' notice.